The opinion of the Court was delivered by
Johnson, J.
It is unnecessary to enter into an inquiry as to the power which the coroner had at common law to summon his own jury of inquest, as I think it is regulated by our own Acts of the Legislature, at least so far as is necessary to the purposes of this case. I will remark, however, that the precedent of a warrant issued by the coroner to his constable, to summon a jury of inquest, may be found in Burns’ Justice, 1 vol. 532, which proves, I think, that by the common law, this was the mode of summoning them. It is enacted, by the Act of 1797, 1 Brev. Dig. 187, 2 Faust, 150,[1] “ That when, and as soon as any coroner *647 shall be certified of the dead body of any person, supposed to have come to a violent and untimely death, found or lying within his county or precinct, he shall make out his warrant, directed to all or any of the constables of the county or precinct where such dead body lies, requiring- and commanding them forthwith to summon as many freeholders of the county or precinct as shall be necessary to constitute a jury of twelve good and lawful men, to appear,” &c., and imposes a penalty of ten dollars on “ every person or persons summoned and warned to be a juror, and failing to appear accordingly.” When the law imposes a duty on a citizen, and punishes the non-performance of it, and has pointed out the process by which he is to be informed of what is required, on the principle that penal laws are to be strictly construed, that process cannot be dispensed with. This Act requires that the coroner shall issue his warrant, directed to a constable, who shall summon the juror, and if he failed to attend, imposes the penalty. Instead of a process, as required by this Act, executed by the officer pointed out, the coroner has substituted, as far as .appears from the evidence in this case, his own verbal order, for it does not ^appear that there was any warrant, and demands that the defendant shall be punished ; as well, I think, might a judge supply the L place of the clerk, sheriff, and all the other officers, his face for the seal of the Court, and his ipse dixit for its process, so that whatever may be the powers of the coroner at common law, or even under the Act itself, the penalty can only be inflicted when there has been a regular process executed by the proper officer.
Simons, for the motion. Lance, contra.
It has been urged, however, that the subsequent Act of 1198, 1 Brev. Dig. 188, 2 Faust, 216,[1] dispensed with the mode of summoning jurors. But it will be found, on an examination of this Act, it does not in the least interfere with the mode of summoning jurors, but makes all free white persons of the age of twenty-one years, as well bystanders as others liable to serve on the jury, and imposes the like penalty for their neglect or refusal; but neither changes nor dispenses with the mode of summoning, as pointed out by the Act of 1191.
I am, therefore, of opinion that the motion ought to be dismissed.
Nott and Hugeu, JJ., concurred.
Bay and Richaiidson, JJ., dissented.

 5 Stat. 307.

 6 Stat. 330.